

1   Mark Aussieker
2   8830 Olive Ranch Lane
    Fair Oaks, CA 95628
3   Phone: 916-705-8006
    aussieker1@gmail.com
4
    *in pro per*

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
         DEPUTY CLERK

5           UNITED STATES DISTRICT COURT

6           EASTERN DISTRICT OF CALIFORNIA

7

8   MARK AUSSIEKER,                          No.   2:19 - CV - 1 2 5 6 MCE DB PS

9                Plaintiff,

10      v.                                    **COMPLAINT FOR DAMAGES**
                                              Trial by Jury not requested
11  OIG Inc , JACQUES OYHANCABAL
12  Defendant(s)

13  :

14      1.      Plaintiff Mark Aussieker  ("Plaintiff" or "Mr. Aussieker") brings this action to

15
    enforce the consumer-privacy provisions of the Telephone Consumer Protection Act
16
    ("TCPA"), 47 U.S.C. § 227,  a federal statute enacted in 1991 in response to widespread public
17
18  outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v.*

19  *Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

20      2.      The Defendants have placed telemarketing calls to a telephone number

21  Mr. Aussieker owned without consent.

22
        3.      This Complaint conduct also relates to the Defendants making
23
    telemarketing calls to individuals in the absence of any "do not call" policy or training, as
24
25  well as making such calls to individuals who previously indicated that they no longer

26  wanted to be called.

27

28

    1

## PARTIES

4.      Plaintiff Mark Aussieker is an individual and resident of the state of California, and this District.

5.      Defendant OIG INC ("OIC") is a California corporation that is licensed by the state of California to sell insurance.  OIG is a "person" as defined by 47 US.C. § 153 (39).

6.      Defendant JACQUES OYHANCABAL ("JACK") is a natural person and corporate officer of OIG INC.

## Jurisdiction & Venue

7.      The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

8.      Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2) because the Plaintiff is a resident of this district, which is where he received the illegal telemarketing calls that are the subject of this lawsuit.

9.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within this District.

10.     This Court has personal jurisdiction over the parties because Defendants systematically and continually have conducted business in the State of California. Likewise, Plaintiff's rights were violated in the State of California and his claims arose out of his contact with Defendants from California.

## TCPA Background

11.     TCPA Background In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that

2

"[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

12. The national Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry.  47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

14. A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages.  47 U.S.C. § 227(c)(5).

15. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. Id.

16. Any person whose receives any phone in violation 47 U.S.C. § 227(b)(1) (A) can sue the violator and seek statutory damages. 47 U.S.C §227(b)(3)(B). This is commonly refered to as the auto dialer statue or ATDS.

17. 47 U.S.C. § 227(b)(1) (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any

3

automatic telephone dialing system or an artificial or prerecorded voice—   (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is   charged for the call, unless such call is made solely to collect a debt   owed to or guaranteed by the federal government."

18.     Automatic Telephone Dialing System, which the statute defines as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 USC 227(a)(1). Notwithstanding this limited definition, the Ninth Circuit ruled in Marks v. Crunch San Diego, LLC that an ATDS means more than what the statute says. The question is whether, in order to be an ATDS, a device must dial numbers generated by a random or sequential number generator or if a device can be an ATDS if it merely dials numbers from a stored list."

19.     The Court answered in the affirmative merely that if the dialer dials numbers from a stored list, it is considered an ATDS. Marks decision is now the law of the land in the 9th circuit as of February 19th after the parties settled.

20.     All a plaintiff needs to show is that a call or text message was made using an auto dialer to a number assigned to cellular service, or that the calling party was charged for the call.  In this case, plaintiff received calls and were charged for the call.

### Factual Allegations

21.     Plaintiff MARK AUSSIEKER's phone number ending in 9144 is a Voice over IP phone.

22.     Plaintiff is charged for each incoming call.

4

23.     Starting on April 2nd, 2018  until June 13th, 2019 DEFENDANT called Plaintiff 25 times, as detailed on Exhibit A

24.     Defendant used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to place its call to Plaintiff seeking to sell insurance.

25.     Defendants website contractors-insure.com promotes the fact that defendants specialize in selling insurance to contractors.

26.     Plaintiff answered at least 5 calls that were hang ups/ abandoned.  Excessive abandoned calls are the result of using a predictive dialer[1]. A predictive dialer is an ATDS. There are numerous complaints on the internet about the defendant abandoning calls.

27.     Defendants leveraged the economic benefit of a predictive dialer at Plaintiffs expense

28.     Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

29.     During all relevant times, Defendant did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

30.     Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

31.     Plaintiff received multiple calls from spoofed non working caller ID's all designed hide the calling parties identity by using false, misleading, and fraudulent caller ID's. These calls were not related to an emergency purpose or any consent provided by the Plaintiff. The Plaintiff alleges a total of 25 calls. All of the calls had a long pause-sometimes the calls would have dead air and release, sometime a representative would come on 3-5

---

[1] *2002 Notice*, 17 FCC Rcd at 17475-76, para. 150-152.

5

seconds later.  The long delay is indicative of the use of an ATDS and a predictive dialing system.

32.     One call was from 949-234-5678 to 916-290-9144 on 11/08/2018. Plaintiff heard a long delay, eventually someone answered and plaintiff yelled at the telemarketer to quit calling.

33.     Plaintiff can see that many others have reported online that that the Defendant did not honor "do not call requests"

34.     The only requirement to enforce the TCPA is the indentify of the party responsible for the calls.

35.     One call was from 949-234-5678 to 916-290-9144 on 11/27/2018 The call contained long pause before an unidentified telemarketer asked if plaintiff he would like to save money on workers comp insurance or general liability.  : The agent spoke with a thick foreign accent who claimed that he could save plaintiff money by purchasing insurance though the telemarketer.  Plaintiff asked for the name of the insurance company and the caller hung up on plaintiff.

36.     On 11/28/18, plaintiff searched "949-234-5678" on  Google.com to see if there was a company that matched the distinct caller ID and was unable to confirm the identity of the telemarketer.

37.     One call was from 949-234-5678 to 916-290-9144 on 012/72019  2018 The call contained long pause before an unidentified telemarketer with "Insurance services" asked if plaintiff he would like to save money on workers comp insurance or general liability.  The agent spoke with a thick foreign accent who claimed that he could save plaintiff money by purchasing insurance though the telemarketer.  Plaintiff asked for the name of the insurance company and the caller hung up on plaintiff.

6

38.      On 12/13/18 plaintiff searched google.com for "949-234-5678" to see if anyone had found the name of the company who called. Plaintiff did find many others who had reported similar experiences regarding hang ups, dead air and other abusive telemarketing practices from an insurance company targeting licensed contractors, using 949-234-5678 as its caller id.[2].

39.      One call was from 949-234-5678 to 916-290-9144 on 012/17/2019  2018 The call contained long pause before an unidentified telemarketer with "Insurance services" asked if plaintiff he would like to save money on workers comp insurance or general liability.   The agent spoke with a thick foreign accent who claimed that he could save plaintiff money by purchasing insurance though the telemarketer.  Plaintiff feigned interest to identify the caller. The telemarketer informed plaintiff he would transfer the call to his manager who was licensed in California.   Upon being transferred, plaintiff requested the licensed agents name and phone number but the manager disconnected the call

40.      One call was from 949-234-5678 to 916-290-9144 on 03/04/2019  2018 The call contained long pause before an unidentified telemarketer with "Insurance services" asked if plaintiff he would like to save money on workers comp insurance or general liability.  The agent spoke with a thick foreign accent who claimed that he could save plaintiff money by purchasing insurance though the telemarketer.  Plaintiff feigned interest to identify the caller. The telemarketer informed plaintiff he would transfer the call to his manager who was licensed in California.   Upon being transferred, plaintiff requested the licensed agents email address.   The manager countered that he would instead email plaintiff, but no email was ever received.

[2] https://800notes.com/Phone.aspx/1-949-234-5678/2

41.     One call was from 949-111-8888 to 916-290-9144 on 06/13/2019 The call contained long pause before an unidentified telemarketer with "Insurance services" asked if plaintiff he would like to save money on workers comp insurance or general liability. The agent spoke with a thick foreign accent who claimed that he could save plaintiff money by purchasing insurance though the telemarketer. Plaintiff feigned interest to identify the caller. The telemarketer informed plaintiff he would transfer the call to his manager who was licensed in California.   Upon being transferred, plaintiff answered the manager's questions so a quote could be prepared. Manager revealed his name as Fred Williams with CONSTRUCTION PRO'S INSURANCE SERVICES.

42.     Mr. Williams emailed Plaintiff. The email showed that the Defendant was a licensed insurance agency called OIG, Inc. Plaintiff was able to confirm that 949-111-8888 and 949-234-5678 were the numbers that OIG, Inc had used to make the calls. This email is attached as exhibit B.

43.     Mr. Williams performed acts which required an insurance license. Mr. Williams failed to include his license number in any communications with plaintiff as required. A search of the state licensed database does not show a "Fred Williams" being licensed.

44.     Mr. Aussieker's concrete injury as it relates to the *Spokeo* decision is loss of productivity for answering the call, decreased battery life, the nuisance of receiving a telephone call and having to wait for the other party to pick up the phone, defendants bothering him with unrequested solicitations.

### OIG INC AND JACQUES OYHANCABAL's INVOLEVEMENT AND KNOWLEDGE

45.     At all times relevant to the claims alleged herein, JACQUES OYHANCABAL was the sole corporate officer and executive in charge OIG, Inc and. each and every call was

placed on behalf of the corporate entity owned by JACQUES OYHANCABAL

46.     JACQUES OYHANCABAL was aware that automated calls were being placed on behalf of his corporations and himself en masse to people, including Plaintiff. JACK was aware that the caller id being transmitted was not accurate and the company calling was referring to itself as "insurance services" instead of its legal DBA " CONSTRUCTION PRO'S INSURANCE SERVICES"[3]

47.     As the corporation's senior-most executive, JACQUES OYHANCABAL had the power to transmit accurate and truthful caller id and make sure that his agents were using the proper name.

48.     As these corporation's, senior-most executive, JACQUES OYHANCABAL had the power to fire the managers, affiliates, agents, and employees taking part of the day-to-day operations of these illegal robocalling operations. Despite this knowledge of illegal telemarketing, JACQUES OYHANCABAL continued to use the services of the exact same telemarketers, which resulted in the Plaintiff being called additional times on his behalf and at his direction.

49.     Instead, JACQUES OYHANCABAL allowed the calls  to continue and the responsible managers, affiliates, agents, and telemarketers to keep their jobs-despite his knowledge of  frequent do-not-call complaints from recipients of these messages, including the Plaintiff.

---

[3]
https://interactive.web.insurance.ca.gov/webuser/Licw_Agy_Det$.STARTUP?Z_ORG_ID=324496&Z_AGY_LIC_NBR=0J16088

## CAUSES OF ACTION

### COUNT 1

### Violation of the Telephone Consumer Protection Act, 47 U.S.C.

### §227(c)(5) – Internal DNC Violation

50. Defendant placed multiple telemarketing calls to the Plaintiff.

51. Defendant did so despite the fact that the Plaintiff previously had requested to stop.

52. Defendant did so despite not training its personnel on the existence or use of any internal "do not call" list.

53. Defendant did so despite not recording or honoring "do not call" requests.

54. Accordingly, Plaintiff is entitled to an award of $500 in statutory damages for each violative telephone call pursuant to 47 U.S.C. § 227(c)(5).

55. Plaintiff s entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).


### COUNT 2

### Violation of the Telephone Consumer Protection Act, 47 U.S.C.

### §227(b)(1)(A)(iii) – Auto Dialer

56. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

57. Defendant's own conduct (b) by the fact that others made those calls on its behalf by placing a Call to Plaintiff's telephone using an automated dialing system, violated 47 C.F.R. § 64.1200(a)(2) and 47 U.S.C. § 227(b)(1)(A)(iii) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

10

58. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against OIG, Inc and  JACQUES OYHANCABAL for the following:

1.      Injunctive relief prohibiting such violations of the TCPA by Defendants in the future.

2.      For an order finding for plaintiff in all counts.

3.      For an order finding the defendant knowingly and willfully violated TCPA

3.      An award of $3000 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the corporation and individual for the 25 calls.

4.      Any other relief the court deems proper.

5.

Respectfully Submitted this 3rd Day of  July, 2019.

Certification and Closing Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.
Date of signing: 3rd Day of  July, 2019.
Signature of Plaintiff
_____

Printed Name of Plaintiff _Mark Aussieker_____

11

# EXHIBIT A

| Date | Time | Originating Number | Length |
|---|---|---|---|
| 6/13/19 | 2:26 PM | 949-111-8888 | 0:04:29 |
| 6/3/19 | 2:42 PM | 949-111-8888 | |
| 5/30/19 | 4:04 PM | 949-111-8888 | 0:00:11 |
| 5/24/19 | 3:02 PM | 949-111-8888 | |
| 4/23/19 | 3:32 PM | 949-234-5678 | |
| 4/11/19 | 9:57 AM | 949-234-5678 | 0:00:10 |
| 4/8/19 | 10:35 AM | 949-234-5678 | |
| 4/3/19 | 2:00 PM | 949-234-5678 | |
| 4/1/19 | 1:57 PM | 949-234-5678 | |
| 3/27/19 | 1:26 PM | 949-234-5678 | 0:00:10 |
| 3/11/19 | 3:48 PM | 949-234-5678 | |
| 3/5/19 | 3:25 PM | 949-234-5678 | 0:00:12 |
| 3/4/19 | 9:02 AM | 949-234-5678 | 0:02:57 |
| 2/28/19 | 10:03 AM | 949-234-5678 | |
| 2/25/19 | 3:03 PM | 949-234-5678 | |
| 2/22/19 | 9:05 AM | 949-234-5678 | |
| 2/20/19 | 1:51 PM | 949-234-5678 | |
| 2/7/19 | 11:18 AM | 949-234-5678 | |
| 12/17/18 | 3:20 PM | 949-234-5678 | 0:02:15 |
| 12/13/18 | 10:41 AM | 949-234-5678 | 0:00:12 |
| 12/7/18 | 2:50 PM | 949-234-5678 | 0:01:10 |
| 11/26/18 | 1:31 PM | 949-234-5678 | 0:00:43 |
| 11/8/18 | 3:51 PM | 949-234-5678 | 0:00:27 |
| 10/18/18 | 10:51 AM | 949-234-5678 | 0:00:12 |
| 4/5/18 | 10:22 AM | 949-234-5678 | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

 **Gmail**            **Mark Aussieker <aussieker1@gmail.com>**

---

**Construction Pros-for all your insurance needs**

---

**Fred Williams** <fred@contractors-insure.com>           Thu, Jun 13, 2019 at 3:27 PM
To: aussieker1@gmail.com

Hi Mark,

Here's my contact information for all your insurance needs.

Working hard to earn your business!

Best Regards,

**Fred Williams**
Insurance Advisor
Construction Pro's Insurance Services
(formally Oyhancabal Insurance)
Affiliate of Professional Insurance Assoc., Inc.
65 Enterprise, Aliso Viejo CA 92656
email | fred@contractors-insure.com
Office: 949-200-7171  Fax:949.535-1421 x104

Agency License | # OJ16088
www.contractors-insure.com
Please send certificate request toCertificates@contractors-insure.com 949-535-1421 x104 Direct
949-200-7171 Office
949-535-1775 Fax
800-219-1446 Toll Free
Saving You Up To 50%
On Your General Liability,

Workers Comp, Bonds,
& Commercial Auto!

## WORK COMP * GENERAL LIABILITY * INLAND MARINE/PROPERTY * BONDS * COMMERCIAL AUTO *UMBRELLA * PERSONAL AUTO/HOMEOWNERS